UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
TEE VEE TOONS, INC.

                Plaintiff,

    - against -

REP SALES, INC., ET AL.

                Defendants.
------------------------------------
TVT MUSIC, INC.,

                Plaintiff,

    - against -

REP SALES, INC., ET AL.

                Defendants.
------------------------------------

03 Civ. 10148 (JGK)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/09
```

05 Civ. 5602 (JGK)

<u>MEMORANDUM OPINION
AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

    TVT Music, Inc. And TeeVee Toons, Inc. d/b/a TVT Records, sued the defendants Rep Sales, Inc. And DM Records, Inc. in two separate lawsuits. The first lawsuit involved trademark infringement and false advertising, No. 03 Civ. 10148. The second action alleged copyright infringement, No. 05 Civ. 5602. Both actions arose from the defendants' marketing and sale of the same album, although the copyright action also included allegations relating to ten subsequent albums, and there is a dispute about how different the compositions on those albums are from the compositions on the album common to both lawsuits. The actions were consolidated for discovery. The plaintiffs now move to sever the actions pursuant to Fed. R. Civ. P. 21, or at

least to proceed with separate trials pursuant to Fed. R. Civ. P. 42(b).

There is a substantial overlap in the witnesses, parties and evidence relating to the two actions. The convenience of the witnesses and the parties argues strongly for a consolidated trial and against severance or separate trials. See Gaffney v. Dep't of Info. Tech. and Telecomms., 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (denying motion for separate trials under Rule 42(b) where testimony and documentary evidence forming basis of claims shared substantial overlap); In re Blech Sec. Litig., No. 94 Ci. 7696, 2003 WL 1610775, at *13 (S.D.N.Y. Mar. 26, 2003) (denying Rule 42(b) motion where claims against defendants requesting separate trials involved significant evidentiary overlap); German by German v. Fed. Home Loan Mortgage Corp., 896 F. Supp. 1385, 1400-01 (S.D.N.Y. 1995) (denying motion to sever claims under Rule 21 where claims involved numerous common questions of law and fact, and proof at trial would require same witnesses and evidence). The plaintiffs' concerns about jury confusion are unjustified. Careful instructions and limiting instructions can easily make clear the specific issues that the jury is called upon to decide. See generally Lewis v. Triborough Bridge and Tunnel Auth., No. 97 Civ. 0607, 2000 WL 423518, at *5 (S.D.N.Y. Apr. 19, 2000) (noting that potential for jury confusion could be remedied by curative instruction);

HCC, Inc. v. R H & M Mach. Co., No. 96 Civ. 4920, 1998 WL 849417, at *2 (S.D.N.Y. Dec. 4, 1998) (same).

The plaintiffs' motions for a severance or separate trials is **denied**. The Clerk is directed to close Docket No. 134 in Case No. 03 Civ 10148 and Docket No. 104 in Case No. 05 Civ. 5602.

**SO ORDERED.**

**Dated: New York, New York
        May 19, 2009**

                                    John G. Koeltl
                                    United States District Judge